JOHNSON, Commissioner of Immigration, v. CHIN AH YEIT ex rel. CHIN GUEY GUAN.

(Circuit Court of Appeals. First Circuit. October 26, 1926.)

No. 2010.

1. Habeas corpus ⬤94.

On habeas corpus to avoid deportation, court cannot try issue whether alien is son of American citizen, without first determining that there was some defect in proceedings before Commissioner of Immigration.

2. Habeas Corpus ⬤113(13)—In habeas corpus proceedings on behalf of alien, Circuit Court of Appeals held justified in itself determining jurisdictional question not considered by District Court.

On appeal, after District Court has improperly tried issue whether alien was son of American citizen, without first determining that there was some defect in proceedings before Commissioner of Immigration, *held*, in view of record, Circuit Court of Appeals should itself determine such jurisdictional question, instead of sending case back to District Court for that purpose.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Habeas corpus proceeding by Chin Ah Yeit, on the relation of Chin Guey Guan, against John P. Johnson, United States Commissioner of Immigration. From an order discharging relator, the Commissioner appeals. Order setting aside writ discharged, and relator remanded to custody.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (Harold P. Williams, U. S. Atty., of Boston, Mass., on the brief), for appellant.

William Shaw McCallum, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The underlying and controlling issue in this habeas corpus case is the familiar one—whether the relator, Chin Guey Guan, is the son of the petitioner, Chin Ah Yeit, who is conceded to be an American citizen. The record is unusually defective and the preliminary jurisdictional question seems to have been overlooked by the court below.

Under date of July 29, 1925, the alleged father filed a petition setting up that Chin Guey Guan was his son, and was unlawfully and forcibly restrained of his liberty by the appellant, the Commissioner of Immigration, who was about to place him aboard a ship for deportation. The petition also alleged that Chin Guey Guan had been denied a fair and impartial hearing before the Board of Special Inquiry; had been denied the right to be present at the hearing of witnesses before the said Board of Special Inquiry; that he did not understand the English language, and that he was questioned through an interpreter whose dialect he did not understand; and that the board acted in an arbitrary and capricious manner. The prayer was for a writ against the Commissioner or the captain of the steamship Prince George.

The writ was allowed forthwith, and the serving officer's return shows that it was served on the captain of the Prince George. There was no return made by the Commissioner of Immigration, as there should have been.

When the case came on for hearing in December, 1925, the court proceeded to try the issue whether the relator was the son of an American citizen. On that issue the petitioner and his alleged son and other witnesses were called and examined, without any presentation of the record in the Immigration Department, or any determination by the court of any illegality or unfair proceedings in that department. Near the close of the hearing the transcript of the record in the Immigration Department was admitted, apparently for such bearing, if any, as it might have upon the question of whether the relator was in fact the son of the petitioner.

[1] But the court was without jurisdiction to try that issue of fact, unless and until it had first determined that there was some defect in the proceedings. Johnson v. Kock Shing (C. C. A.) 3 F. (2d) 889; Johnson v. Kock Tung (C. C. A.) 3 F. (2d) 889; Ng Lung v. Johnson (C. C. A.) 8 F. (2d) 1020; Damon v. Johnson (C. C. A.) 13 F. (2d) 285; Yick How v. Johnson (C. C. A.) 12 F. (2d) 1023; Goon Hen Soo v. Johnson (C. C. A.) 13 F. (2d) 82; Chin Gim Wing v. Johnson (C. C. A.) 13 F. (2d) 124.

[2] Under these circumstances, the next question is whether the case should be sent to the court below for a trial of the jurisdictional question, or whether on the present record this court should determine that question. We think the latter is the proper course. Examination of the record discloses no illegality or unfairness in the proceedings before the immigration authorities. The applicant for admission is a man over 30 years old. There was plenary evidence of such inconsistent statements by the alleged father concerning his marriage and children as to warrant the immigration authorities in

declining to believe his testimony as to his early marriage and paternity of the applicant for admission.

The result is that the writ must be discharged, and Chin Guey Guan be remanded to the custody of the appellant, the Commissioner of Immigration.

The order of the District Court, discharging Chin Guey Guan from custody, is set aside, the writ is discharged, and he is remanded to the custody of the appellant, the Commissioner of Immigration.